| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **O'Dar Group, LLC** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF NEW YORK |
| Case number (if known) | 1-23-10349 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Liquidation for Small Business Under Chapter 11  02/20

**O'Dar Group, LLC**'s Plan of Liquidation, Dated July **17**, 2023.

## Background for Cases Filed Under Subchapter V

**A. Description and History of the Debtor's Business**

The Debtor is a privately-owned limited liability company, with its principal place of business in Derby, New York and its principal assets located in Erie County. The Debtor is in the business of owning and developing real property and activities incidental thereto. On April 18, 2023 (the "Filing"), the Debtor commenced a voluntary case under subchapter V of chapter 11 of title 11 of the Bankruptcy Code in this Court. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Circa May, 2019 the Debtor acquired 6873 Delamater Road, Derby, New York ("Delamater Road") for purposes of rehabilitating the subject revenue-generating property and quickly reselling it for profit (hereinafter referred to as "house flipping"). Said property was acquired with the assistance of financing from Lima One Capital, LLC, a lender well versed in short-term lending for house flipping purposes. In connection therewith the Debtor duly executed and acknowledged the bond, note, guaranty, extension agreement, term loan and security agreement, deed or other instrument (the "Loan Documents") for the purpose of securing payment of $107,700.95, used for the acquisition and rehabilitation of Delamater Road (the "Note").

As security for the payment of said indebtedness, O'Dar Group, LLC by Henry J. Glose (the "Principal") executed, acknowledged and delivered to Lima a Mortgage recorded in the Office of the Erie County Clerk on May 13, 2019 at Liber 13895 of Mortgages, Page 8101 (the "Mortgage"). The primary purpose of filing the above-captioned case was to seek the assistance of the United States Bankruptcy Court to allow the Debtor an opportunity to complete renovations, list the property for sale, realize the full market value of the Property, and payoff all creditors, including Lima, in full.

The Debtor is in the final stages of the rehabilitation and commenced the process of vetting potential real estate broker(s) to assist in the listing and eventual sale of the Property.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit "A"**.

| Debtor | O'Dar Group, LLC | Case number (*if known*) 1-23-10349 |
|---|---|---|
| | Name | |

**C. Ability to make future plan payments and operate without further reorganization**

On and after the Effective Date, except to the extent otherwise provided herein, Delamater Road will be listed and sold and any obligations of the Debtor thereunder shall be fully satisfied and released.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

The final Plan payment is expected to be paid on or before <u>**December 31, 2023**</u>.

Proposed Ballot attached hereto as **Exhibit "B"**.

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **O'Dar Group, LLC** (the *Debtor*) from the anticipated sale of Delamater Road (the "Closing").

This Plan provides for: __0__ classes of priority claims;

__1__ classes of secured claims;

__1__ classes of non-priority unsecured claims; and

__1__ classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately __100__ cents on the dollar (i.e., 100% of their Claim). Although such claim(s) are not contemplated, this Plan also provides for the payment of administrative and priority claims to the extent necessary.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

| 2.01 | **Class 1** .................... | All allowed claims entitled to priority under § 507(a) of the Code. |
|---|---|---|
| 2.02 | **Class 2** .................... | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.03 | **Class 3** .................... | Lima One Capital, LLC, Erie County Real Property, and any other claims secured by Delamater Road that are identified prior to Closing. |
| 2.04 | **Class 4** .................... | Equity interests of the Debtor. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes and are not entitled to vote on the Plan. |
|---|---|---|

| | | |
|---|---|---|
| 3.02 | **Administrative expense claims** | The rights of each holder of an a claim for payment of an administrative expense of a kind specified in section 503(b) or section 1114(e)(2) of the Bankruptcy Code and entitled to priority under section 507(a)(1) of the Bankruptcy Code, including (a) actual, necessary costs and expenses of preserving the Debtor's Estate and operating its business, including wages, salaries, or commissions for services rendered, and (b) all fees and charges assessed against the Estate under chapter 123 of title 28, United States Code (an "Administrative Claim") shall be reinstated under, and shall not be impaired by, the Plan. |
| | | Each holder of an Administrative Claim shall receive cash equal to the unpaid portion of its Administrative Claim on the date on which its Administrative Claim becomes payable under applicable law or any agreement relating thereto. Any requests for payment of Administrative Claims must be filed and served on the Debtor pursuant to the procedures specified in the order confirming the Plan (the "Confirmation Order") no later than the is thirty-five (35) days after the effective date of the Plan (the "Administrative Claims Bar Date") and by which any requests for payment of Administrative Claims must be filed and served on the Debtor pursuant to the procedures specified in the Confirmation Order. |
| | | Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file an Administrative Proof of Claim pursuant to the terms of this Order, but that fails to do so by the Administrative Bar Date: (i) shall not receive a distribution under the Plan, unless the Bankruptcy Court orders otherwise; and (ii) shall be bound by the terms of (a) the plan of liquidation that may be confirmed by the Court, or (b) any other order that authorizes the winding up of the Debtor's estate. Any objections to requests for payment of such Administrative Claims must be filed and served on the requesting party within thirty-five (35) days after the Administrative Claims Bar Date. Any such objections that are not consensually resolved may be set for hearing on twenty-one (21) days' notice of such hearing to the Debtor. |
| 3.02(i) | | The claim of Mark J. Schlant, Esq. (the "Chapter 11 Trustee") in the approximate amount of $5,000 (approx.), entitled to administrative priority treatment pursuant to 11 U.S.C. §503(b); as of the date of this Plan, no claim has been filed on behalf of the "Chapter 11 Trustee. The Chapter 11 Trustee shall be paid in full on the effective date. |
| 3.02(ii) | | The claim of Gleichenhaus, Marchese & Weishaar, PC ("GMW"), in the amount of $9,000 (approx.), entitled to administrative priority treatment pursuant to 11 U.S.C. §503(b); as of the date of this Plan, no claim has been filed on behalf of GMW. GMW shall be paid in full on the effective date. |
| 3.03 | **Priority tax claims** | The rights of each holder of a Priority Tax Claim shall be reinstated under, and shall not be Impaired by, the Plan. Each holder of a Priority Tax Claim shall receive cash equal to the unpaid portion of its Priority Tax Claim on the date on which its Priority Tax Claim becomes payable under applicable law or any agreement relating thereto. |
| | | **The Debtor does not believe there are any allowed Priority Tax Claim(s).** |

| Debtor | O'Dar Group, LLC | Case number (*if known*) 1-23-10349 |
|---|---|---|
| | Name | |

**3.04 Priority non-tax claims**  "Priority Non-Tax Claim" shall mean any Claim against the Debtor, other than an administrative expense claim or a Priority Tax Claim, entitled to priority in right of payment under section 507(a) of the Bankruptcy Code. The rights of each holder of an allowed Priority Non-Tax Claim shall be reinstated under, and shall not be Impaired by, the Plan. Each holder of an allowed Priority Non-Tax Claim shall receive cash equal to the unpaid portion of its allowed Priority Tax Claim on the date on which its allowed Priority Non-Tax Claim becomes payable under applicable law or any agreement relating thereto.

**The Debtor does not believe there are any allowed Priority Non-Tax Claim(s).**

### Article 4: Treatment of Claims and Interests Under the Plan

**4.01 Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☒ Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – **Unsecured claims**[1] | ☒ Impaired<br>☐ Unimpaired | The Class 2 is Impaired by the Plan. Each holder of an Allowed Unsecured Claim is entitled to vote to accept or reject the Plan.<br><br>The holders of Allowed Class 2 Unsecured Claims shall receive, in full and final satisfaction, 100% of their allowed claim upon, or within 30 days, of the Closing. |

| Estimated Amount of Unsecured Claims as of April 18, 2022[3] | Estimated Recovery |
|---|---|
| $500-1,000 (approx) | 100% |

| Class | Impairment | Treatment |
|---|---|---|
| Class 3 – **Lima One Capital, LLC**[2], **Erie County Real Property, and any other claims secured by Delamater Road that are identified prior to Closing.** | ☒ Impaired<br>☐ Unimpaired | The Class 3 is Impaired by the Plan. Each holder of an Allowed Secured Claim is entitled to vote to accept or reject the Plan.<br><br>The holders of Allowed Class 3 Claims shall receive, in full and final satisfaction, 100% of their allowed claim upon, or within 30 days, of the Closing. |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☒ Unimpaired | Class 4 is unimpaired by this Plan, and each holder of a Class 4 Equity Security interest will retain said interest; said interest will vest upon the Effective Date. |

---

1 To the extent the unsecured claim of John Deer Financial is secured by a purchase money security interest, they will be paid as secured up to the value of the 2020 John Deere 130 - riding lawn mower and the difference, if any, to be paid as a unsecured claim

2 The Debtor acknowledges that the Claim of Lima One Capital, LLC ($190,265.47) is greater than the claim anticipated ($158,299.00) but it still believes their will be enough funds to satisfy all creditors in full

| Debtor | O'Dar Group, LLC | Case number (*if known*) 1-23-10349 |
|---|---|---|
| | Name | |

## Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

  **(i.) Debtor shall assume the residential rental lease with Debtor's managing member.**

  (ii.) In his role as tenant, the managing member shall not interfere with the Closing and the lease shall terminate upon closing and the managing member shall vacate, without exception.

(b) Except as otherwise provided in this Plan, or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, as of the Petition Date, the Debtor shall be deemed to have rejected each Executory Contract and Unexpired Lease to which it is a party as of the Petition Date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than __30__ days after the date of the order confirming this Plan.

  **(i.) To the extent applicable, Debtor's managing member heretofore waives any lease rejection claim resulting from the termination of his lease at Closing.**

## Article 7: Means for Implementation of the Plan

**7.01 Funding**

Throughout the pendency of the bankruptcy, the Debtor has continued to rehabilitate the Property and the majority of the Debtors efforts have been on brokering the sale of the 6873 Delamater Road Derby, New York. The Debtor is in the process of vetting real estate agents and anticipates engage a professional to assist in the marketing / sale of real property. The undersigned anticipates an offer for the purchase of the aforementioned property for $250,000 with a projected closing date on or before December 31, 2023.

| Debtor | O'Dar Group, LLC | Case number (*if known*) 1-23-10349 |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| 7.01(i) | | **Preservation of Rights of Action** Except as otherwise provided in this Plan or the Confirmation Order, or in any contract, instrument, release, or other agreement entered into in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, the Debtor shall retain and may enforce, sue on, settle, or compromise (or decline to do any of the foregoing) all claims, rights or causes of action, suits, and proceedings, whether in law or in equity, whether known or unknown, that the Debtor or the Estate may hold against any Person or entity. The Debtor or its successor(s) may pursue such retained claims, rights or causes of action, suits, or proceedings as appropriate, in accordance with the best interests of the Debtor or its successor(s) who hold such rights. Upon a due diligence inquiry, the Debtor and/or its counsel could not identify any avoidance actions; accordingly, in the interest of finality, the Debtor hereby releases any claims, causes of action, or rights arising under sections 510(c), 544, 545, 547, 548, 550, and 551 of the Bankruptcy Code. The Debtor specifically excepts from release the section 549 claims for post-petition reimbursement of Henry J. Glose. |
| 7.02 | **Disbursing Agent** | The Disbursing Agent shall be the Debtor, with the assistance of its counsel at the Closing, who shall serve without bond or compensation but shall be entitled to reimbursement of reasonable expenses by applying to the court no more frequently than once every three months. |

### Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.01(i) | | <u>Filing Date / Order of Relief</u>, the Date the above-captained case was commenced, April 18, 2023. |
| 8.01(ii) | | <u>Allowed</u>, when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date. |
| 8.01(iii) | | <u>Bankruptcy Code</u> shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code. |
| 8.01(iv) | | <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the Western District of New York having jurisdiction over the Chapter 11 Cases and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151. |
| 8.01(v) | | <u>Bankruptcy Rules</u> shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure. |
| 8.01(vi) | | <u>Business Day</u> shall mean and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New York are authorized by law to close. |
| 8.01(vii) | | <u>Chapter 11 Case</u> shall mean a case under Chapter 11 of the Bankruptcy Code in which O'Dar Group, LLC is the Debtor. |
| 8.01(viii) | | <u>Claim</u> shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, |

| Debtor | O'Dar Group, LLC | Case number (*if known*) 1-23-10349 |
|---|---|---|
| | Name | |

legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

| | | |
|---|---|---|
| 8.01(ix) | <u>Class</u> shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan. | |
| 8.01(x) | <u>Code</u> shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code. | |
| 8.01(xi) | <u>Confirmation</u> shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code. | |
| 8.01(xii) | <u>Creditor</u> shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor. | |
| 8.01(xiii) | <u>Disbursing Agent</u> shall mean the Debtor and to the extent it is applicable the Debtor's Closing counsel or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order. | |
| 8.01(xiv) | <u>Equity Interest Holder</u> shall mean the holder of an equity interest in the Debtor. | |
| 8.01(xv) | <u>Equity Interest</u> shall mean any interest in the Debtor represented by membership interest, appointment to the Board of Trustees, or empowered with authority therefrom. | |
| 8.01(xvi) | <u>Final Order</u> shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect. | |
| 8.01(xvii) | <u>Lien</u> shall have the meaning set forth in section 101(37) of the Bankruptcy Code. | |
| 8.01(xviii) | <u>Petition Date</u> shall mean the date on which the Debtor filed its petition for reliefcommencing the Subchapter V Case. | |
| 8.01(xvix) | <u>Plan</u> shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments. | |
| 8.01(xx) | <u>Proceedings</u> shall mean the Chapter 11 Case of the Debtor. | |
| 8.01(xxi) | <u>Professional Persons</u> means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code. | |
| 8.01(xxii) | <u>Proponent</u> means Henry J. Glose. | |
| 8.01(xxiii) | <u>Reorganized Debtor</u> means the Debtor after confirmation of the Plan. | |
| 8.01(xxiv) | <u>Secured Claim</u> means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code. | |
| 8.01(xxv) | <u>Unsecured Claim</u> shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) | |

a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

| | | |
|---|---|---|
| | 8.01(xxvi) | <u>Other Definitions</u>, a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto, "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover, some terms defined herein are defined in the section in which they are used. |
| 8.02 | **Effective Date** | The Effective Date shall occur upon the later of |
| | | (a) 30 days from the entry of the Confirmation Order OR |
| | | (b) 30 days from the closing of the sale of the Delamater Road contemplated herein. |
| | | **The Debtor shall file a notice of Effective Date upon its occurrence.** |
| | 8.02(i.) | **Conditions to Effective Date.** Effectiveness of the Plan is subject to the satisfaction of each of the following conditions precedent: |
| | | A. Each of the conditions to entry of the Confirmation Order shall have been satisfied. |
| | | B. The Bankruptcy Court shall have entered the Confirmation Order, in form and substance reasonably satisfactory to the Debtor, confirming the Plan, as the same may have been modified. |
| | | C. The Bankruptcy Court shall have entered the Confirmation Order and such order shall not have been timely: appealed, reversed, stayed, amended, modified, dismissed, vacated or reconsidered. |
| | | D. There shall not be in effect any (a) order, opinion, ruling, or other decision entered by any court or other governmental unit or (b) U.S. or other applicable law staying, restraining, enjoining, prohibiting, or otherwise making illegal the implementation of any of the transactions contemplated by the Plan. |
| | 8.02(ii.) | **Acceleration of the Effective Date:** The Debtor, at its option and in its discretion, may waive the conditions set forth in Section 8.02(a), (b) or (b) without any notice to any other parties in interest and without any further notice to or action, order, or approval of the Bankruptcy Court, and without any formal action other than proceeding to confirm and consummate the Plan provided, however, the Debtor shall file a notice of Effective Date which shall set forth any condition that was waived. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

| | | |
|---|---|---|
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | The laws of the state of incorporation of the Debtor shall govern corporate governance matters with respect to the Debtor, in either case without giving effect to the principles of conflicts of law thereof. |
| 8.08 | **Retention of Jurisdiction** | The Bankruptcy Court shall retain jurisdiction to enforce and implement the terms and provisions of the Plan Proponent intends to object or cause the Disbursing Agent to object to the following number and amounts of claims in each class. |

## Article 9: Discharge

| | | |
|---|---|---|
| 9.01 | **Discharge** | **No discharge if § 1141(d)(3) is applicable**. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case. |

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

**Upon affixing his signature to this Plan, the Proponent waives any unsecured claim in this case and consents to be paid only after all Class 1, Class 2 and Class 3 creditors are paid in full.**

Respectfully submitted,

**X** /s/ Henry J. Glose                                Henry J. Glose
  [Signature of the Plan Proponent]                    [Printed name]

**X** /s/ Michael A. Weishaar                           Michael A. Weishaar, Esq.
  [Signature of the Attorney for the Plan Proponent]   [Printed name]